UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS' RESERVE FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTURY ROOFING AND SHEET METAL, LLC, an Illinois limited liability corporation, <br><br> Defendant. | CASE NO.: 20-CV-1635 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, the ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND, the ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND, the NATIONAL ROOFING INDUSTRY PENSION PLAN, and the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, by and through their attorneys JOHNSON & KROL, LLC, and complain of the Defendant CENTURY ROOFING AND SHEET METAL, LLC ("CENTURY ROOFING") as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the ROOFERS' PENSION FUND ("PENSION FUND"), the ROOFERS' UNIONS WELFARE TRUST FUND ("WELFARE FUND"), and the ROOFERS' RESERVE FUND ("RESERVE FUND") are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND ("TRAINING FUND") is administered at 7045 Joliet Road, Indian Head Park, Illinois, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND, PENSION FUND, and TRAINING FUND receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA") and therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. The ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6. The NATIONAL ROOFING INDUSTRY PENSION PLAN ("NRIPP") is a multiemployer defined benefit pension plan with its principal place of business located in Bloomington, Minnesota.

7. CENTURY ROOFING is an Illinois limited liability corporation with its principal place of business in Hammond, Indiana.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. CENTURY ROOFING executed a Memorandum of Understanding on April 8, 2016 whereby it agreed to be bound by the terms of the Standard Working Agreement ("SWA"). (A copy of the Memorandum of Understanding is attached as **Exhibit 1**); (A copy of the SWA in effect from June 1, 2015 through May 31, 2018 is attached as **Exhibit 2**); (A copy of the SWA in effect from June 1, 2018 through May 31, 2021 is attached as **Exhibit 3**).

10. Pursuant to the terms and conditions set forth in the SWA, CENTURY ROOFING also became bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND, WELFARE FUND, RESERVE FUND, TRAINING FUND, INDUSTRY FUND, PROMOTIONAL FUND, and NRIPP (hereinafter referred to as the "TRUST FUNDS").

11. Pursuant to the Agreements and Declarations of Trust that created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"), the Trustees adopted the Employer

Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

12. The provisions of the SWA, Trust Agreements, and Collection Procedures require CENTURY ROOFING to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND for each hour worked pursuant to the SWA at the negotiated rate. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to the SWA and properly executed dues check-offs cards, CENTURY ROOFING was required to deduct dues assessments for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The monthly remittance reports and dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. The rates at which CENTURY ROOFING was to require to deduct dues assessments are set forth in the table below:

| Period: | Rate: |
|---|---|
| 12/1/15 – 5/31/16 | $0.93 per hour |
| 6/1/16 – 11/30/16 | $0.94 per hour |
| 12/1/16 – 5/31/17 | $0.95 per hour |
| 6/1/17 – 11/30/17 | $0.97 per hour |
| 12/1/17 – 5/31/18 | $0.99 per hour |

14. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their monthly remittance reports and contributions to the TRUST FUNDS, the INDUSTRY

FUND, and the PROMOTIONAL FUND, and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus four (4) percentage points per annum for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

15. In order to verify compliance with the SWA, Trust Agreements, and Collection Procedures, the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND, and LOCAL 11 may perform a payroll compliance audit of an employer at any time.

16. A payroll compliance audit of CENTURY ROOFING's financial books and records for the period of April 8, 2016 through December 3, 2018 revealed that CENTURY ROOFING owes the TRUST FUNDS, the INDUSTRY FUND, the PROMOTIONAL FUND, and LOCAL 11 an aggregate amount of $11,121.85, which is itemized as follows:

| Type: | Amount Owed: |
|---|---|
| Contributions and Dues Assessments | $9,051.70 |
| Liquidated Damages | $905.17 |
| Interest | $699.64 |
| Wages Due John Mickiewicz, Aniceto Chavez, Martin Chavez, Jose De Jesus Chavez | $465.34 |

17. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from CENTURY ROOFING.

18. Plaintiffs have complied with all conditions precedent in bringing suit.

19. CENTURY ROOFING is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That this Honorable Court enter an Order in favor of Plaintiffs and against CENTURY ROOFING in the amount of $11,121.85 for contributions, union dues, liquidated damages, interest, and unpaid wages as revealed by the audit for the period of April 8, 2016 through December 3, 2018;

B. That this Honorable Court enter an Order in favor of Plaintiffs and against CENTURY ROOFING for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C. That CENTURY ROOFING be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other relief as the Court may deem just and equitable all at CENTURY ROOFING's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

/s/ William Blumthal
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com